UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

THE BLUE DOG IN BOCA, INC.

    Debtor.
_____/

Case No. 24-20655-MAM
Chapter 11 (Sub V)

**SIMON PROPERTY GROUP, INC.'S EMERGENCY MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER GRANTING, IN PART, AND DENYING, IN PART, DEBTOR'S MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND RELIEF FROM THE STAY DUE TO THE CONTEMPT AND VIOLATION**

**EMERGENCY RELIEF REQUESTED:** The Debtor is in violation of this Court's Order Granting, in Part, and Denying, in Part, Motion to Compel Payment of Post-Petition Rent, the Cash Collateral Budget and the Lease by failing to pay rent when due while continuing to operate its business. Accordingly, the Landlord respectfully requests that a hearing be held as soon as possible during the week of **December 9, 2024,** to avoid further delinquencies and the continued accrual of an administrative expense.

SIMON PROPERTY GROUP, INC. as authorized agent for BRIAN J. MCDADE, as Trustee of The Town Center at Boca Raton Trust, a New York Trust (the "Landlord") files this Emergency Motion for Contempt for Failure to Comply with this Court's Order Granting, in Part, and Denying, in Part, Motion to Compel Payment of Post-Petition Rent and in support thereof states as follows:

1. The Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on October 15, 2024.

**Background**

2. The Debtor operates as "The Blue Dog Cookhouse and Bar" in The Town Center at Boca Raton (the "Shopping Center"). Landlord is the owner of the Shopping Center and the

Debtor's is a tenant of the Landlord.

3. On or about April 26, 2021, Landlord and Debtor entered a written Lease agreement (hereafter, the "Lease") for approximately 5,638 square feet of retail space identified as "Room 1008C" in the Shopping Center. The Debtor's retail space is specifically The Town Center at Boca Raton, 6000 Glades Road, Room 1008C, Boca Raton, Florida 33431 (hereafter, the "Premises"). A copy of the Lease will be made available to the Court for an in-camera inspection, if requested. Otherwise, the Landlord does not publicize its leases.

4. Debtor currently has possession of the Premises pursuant to the Lease and is required by the Lease to pay certain monthly Minimum Annual Rent, Additional Rent, and State Sales Tax in the amount of $34,114.50, in advance of the first day of each month to Landlord (the "Rent").

5. Debtor defaulted on Rent payments beginning in May 2024. As of the date of the Voluntary Petition, the rent due was approximately $128,310.47, not including fees and costs.

6. Prepetition, the Landlord provided Debtor with a Notice of Default dated July 15, 2024. When the Debtor did not pay the past due rent as demanded in the Notice of Default, on August 5, 2024, Landlord commenced an eviction action against the Debtor in State Court (the "Eviction Action"). The Debtor failed to pay any rent to the Landlord during the pendency of the Eviction Action.

7. Pursuant to court order in the Eviction Action, the Debtor was required to deposit the sum of $128,310.47 (the "Past Due Rent") into the court's registry by no later than 3:00 p.m. on October 15, 2024. Additionally, the court order in the Eviction Action required the Debtor to further deposit into the court registry the additional sums of $34,114.50 monthly, as rent accrued and became due under the Lease.

8. Rather than complying with the Court Order requiring the Debtor to deposit the Past Due Rent into the registry of the court, the Debtor filed this bankruptcy case on October 15, 2024, a mere hour before the court ordered deadline in the Eviction Action.

## Current Case Status and Relief Requested

9. As set forth in the Lease, the Rent is due in advance of the first day of each month.

10. After this bankruptcy case was filed, the Debtor filed a Motion for Authorization to Use Cash Collateral (the "Cash Collateral Motion"). By way of that Motion and budget, the Debtor proposed to change the rent due date as follows:

   a. the stub October rent would be paid during the week of October 27, 2024;

   b. the November rent would be paid no later than December 1, 2024;

   c. the December rent would be paid no later than December 15, 2024;

   d. and the January rent would be paid no later than January 19, 2025.

11. On November 15, 2024, Simon filed a Motion to Compel Payment of Post-Petition Rent Due to Simon Property Group, Inc. [D.E. #43] and a Motion for Relief of the Automatic Stay [D.E. #50]. These Motions were filed as Simon did not consent to the amendment of the rent due dates through a cash collateral budget and the rent per the terms of the Lease was not current.

12. After hearing on these two months on November 26, 2024, this Court entered an Order Granting, in Part, and Denying, in Part Motion to Compel Payment of Post-Petition Rent Due to Simon Property Group, Inc. [see D.E. #55] providing as follows:

> *Accordingly, the Debtor is directed to pay the post-petition rent due for November 2024 no later than November 30, 2024, and December 2024 no later than December 15, 2024, in accordance with the due dates set forth in the Second Interim Order Authorizing Debtor's Motion for*

>*Authorization to Use Cash Collateral. January 2025 rent shall be paid in accordance with the Lease Agreement dated April 21, 2021.*

13. The Court continued the Motion for Relief from Stay to December 23, 2024, which would allow time for the November and December rent to be paid.

14. Despite the foregoing, the Debtor failed to pay the November rent in accordance with the above Order. As of the filing of this Motion, only $8,000.00 of the $34,114.50 November rent was paid, even after repeated follow up by Simon.

15. The Debtor continues to operate the restaurant without paying for use of same.

16. Pursuant to Section 365(d)(3), a debtor in possession is required to pay post-petition rent due under a lease, which specifically provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in Section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding.

17. The Debtor's failure to pay the Rent is a direct violation of the timeliness requirement of Section 365(d)(3), Lease and, most importantly, this Court's Order Grating, in Part, and Denying, in Part Motion to Compel Payment of Post-Petition Rent Due to Simon Property Group, Inc. Accordingly, the Debtor is in contempt of this Court's Order.

18. In addition to the protections provided to the Landlord under Section 365, Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

19. Section 363(e) is non-discretionary. If a creditor with an "interest" in property used by a debtor makes a request for adequate protection, then the Court must prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e).

20. A landlord undeniably holds an interest in the property that it owns and leases to a debtor and is entitled to adequate protection. *See P.J. Clarke's Rest. Corp.,* 265 B.R. 392 (Bankr. S.D.N.Y. 2001); *In re Ernst Home Center, Inc.,* 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997) (real property lessors may request adequate protection under § 363(e); court noted that the right to payment under § 365(d)(3) would be hollow without a remedy); *In re Mr. Gatti's, Inc.,* 164 B.R. 929, 946 (Bankr. W.D. Tex. 1994)(the enactment of § 365(d)(3) abrogated any argument against the entitlement of a landlord to adequate protection).

21. Due to the Debtor's blatant disregard of this Court's Order, the Landlord maintains that it should be prohibited from further use of the premises to operate its business.

22. Accordingly, Landlord respectfully requests immediate relief from the stay and a turnover of the premises to the Landlord. By way of the Order Grating, in Part, and Denying, in Part Motion to Compel Payment of Post-Petition Rent Due to Simon Property Group, Inc. [see D.E. #55], this Court provided the Debtor with additional time to pay the rent, despite the Landlord's objection. It is clear that this Debtor is financing its business operations through the non-payment of the rent to the Landlord.

23. Landlord takes the position that further Orders of this Court requiring rent to be paid will simply delay the inevitability that this Debtor will default. At this point, the Landlord maintains that due to the Debtor's clear contempt and violation of a Court order, stay relief with an immediate surrender and turnover of the premises is the only viable relief based on the behavior of this Debtor pre- and post-petition.

**WHEREFORE**, SIMON PROPERTY GROUP, INC. as authorized agent for BRIAN J. MCDADE, as Trustee of THE TOWN CENTER AT BOCA RATON TRUST, a New York Trust requests that this Court (i) finds that the Debtor is in contempt and violation of the Order Granting, in Part, and Denying, in Part, Motion to Compel Payment of Post-Petition Rent, (ii) grants relief from the automatic stay as a result of the contempt and violation of this Court's Order, (iii) require the Debtor to immediately surrender the premises; and (iv) provides for other such relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished via CM/ECF or U. S. Mail to the parties on the attached mail list this 5th day of December 2024.

KELLEY KAPLAN & ELLER, PLLC
1665 Palm Beach Lakes Blvd, Suite 1000
West Palm Beach, FL 33401
Tel. No. (561) 491-1200
bankruptcy@kelleylawoffice.com

By: ____*/s/ Craig I. Kelley*____
    Craig I. Kelley, Esq.
    Florida Bar No. 782203

**Mailing Information for Case 24-20655-MAM**
**Electronic Mail Notice List**

- **Rachamin Cohen**   Rocky@lawcls.com, alex@lawcls.com
- **Craig I Kelley**   craig@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com
- **Tarek Kirk Kiem**   trustee@kiemlaw.com, efilekiem@yahoo.com,ctk11@trustesolutions.net
- **Isaac M Marcushamer**   isaac@dgimlaw.com, colleen@ecf.courtdrive.com;colleen@dgimlaw.com;isaac_876@ecf.courtdrive.com;eservice@dgimlaw.com
- **Martin P Ochs**   martin.p.ochs@usdoj.gov
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Hampton Peterson**   legalservices@PBCTax.com
- **Ronald M Tucker**   rtucker@simon.com, cmartin@simon.com;bankruptcy@simon.com

**The Blue Dog In Boca Inc.**
12555 Biscayne Blvd. Ste 822
Miami, FL 33161